Thank you, Your Honor. May it please the Court, my name is Anne Voitz and I represent the government in this appeal. The district court in this case erred in excluding the evidence of the co-conservator statements for three reasons. First, because much of the conversation involved not statements that are subject to the hearsay rule, but either directives or verbal acts or questions, none of which are statements that can be excluded as hearsay. Second, because of the statements the government did not raise in the district court. That's correct, we did not. The other two arguments, namely that the statements were admissible for purposes of providing context to the evidence. Well, I don't think that was raised either. There was a throwaway line, one sentence from which one could possibly get the notion of context, after the district court had ruled. And in the same breath, the government said that it realized that the district court had ruled. I believe that the government did, if the Court is referring to GER 20. I don't know what the page number is, I'm sorry. It's where the court had announced its decision. Yeah. But then the government said the government doesn't think you can parse it as thinly as defendants tried to parse it. There are certain effects on the hearer, such as, you know, in a case where there was a Mirandai statement, there would be an admission, and the defendant's statements were yes, yes, and yes. And then you go on and you say, just one second, then you say, having said that, I understand the court's ruling and the government will appeal. So, I mean, that's to me a clear recognition that the court had ruled before this by-the-way thought got transmitted. I think it certainly could have been briefed more fully and addressed more fully. But I think it was the position. Breyer, you submitted an entire position paper to the district court in which your entire argument is based on the statement being a party admission in furtherance of the conspiracy. Not once do you mention that it's offered, that the statement is not offered for the truth or for any of these other reasons in your written paper. I mean, how can you argue now that the district court judge committed error? She correctly ruled on the argument that you raised to her, right? No, we believe we did. We might contest that. We do contest that. But I don't see how you can come in and say that there was some other argument out there that we didn't ask the district court judge to rule on, and therefore she committed plain error by not thinking of it herself and then ruling in our favor. Well, if I could address that very briefly, I believe with respect to the first which we concede was not raised below, we think this Court can review it for plain error, particularly because whether they were statements or not is a very credicted question. I'm sorry? Why wasn't the argument forfeited? I mean, the government comes in here every day and says that the defendant waived some argument because they didn't make it to the district court or they didn't allude to it or elaborate upon it enough in their blue brief. And I don't understand why that same rule doesn't apply to the government. But we think typically what this Court has done is then reviewed those issues for plain error. No, not really. The cases that have been cited to me that involve that are where – are cases where the government fails – well, the one case, the only one case that was cited to me that has anything to do with this, but it's not a failure to make an argument. It's a failure to object. And then there's no mention in any of the cases that then we would go on and review the thing for plain error. Well, with respect to the issue of – that was squarely raised below, and I think the defendant can see that this is, with respect to the co-conspirator exception, if I may address that, what we believe that the district court did was it made an error in construing the test. It artificially read Silverman as imposing too rigid a requirement. Well, I think the district court may have misspoke originally with how she would approach it, but then at the end of the day actually read Silverman on the bench. And – and applied it. Now, here's my real question. I might come out differently because I think one can argue that the scales and the cash found in the house that she shared with Lopez, Rivera's admissions that she was there when the co-conspirators met and that she moved money around the house at Lopez's request, and the changing of the cell phone numbers after the arrest could be independent evidence that she was engaged in criminal acts and furtherance of the conspiracy, but they could not be. And the district court found that those – that her statements and her actions were innocuous, and so why is that finding clearly erroneous? I think with respect to – first, the district court never addressed the issue of the scales or the money that was subsequently found or the post-arrest statements. The district court focused solely on the defendant's statements made during these tape-recorded conversations. And in concluding that they were innocuous, I think the district court erred because what it was doing essentially was it was saying these are incomprehensible without understanding the questions that she's being asked. Well, she said they were innocuous because, I mean, you could read all of her statements and all of her actions as simply responding to a request from her boyfriend. And so I think the district court was not aware of that. Having no knowledge or involvement in the – whatever his claim was. I think if the court looks at this, this is different than Silverman, in which the language about innocuous conduct came from. In Silverman, the only evidence they had was that the individual who was involved in the drug transactions had taken a taxi to her brother's home and that she said that she had called him, although the contents of her conversation with the brother were never admitted. Thus, in this case, it's very different because here you don't have any question from the defendant about what this stuff is. She clearly evidences some prior knowledge of what's going on. When he asks her to do these things, she doesn't refuse. She doesn't say, what stuff are you talking about? She's got a question about where it is. But she's not going to say it. Well, yeah, but, I mean, he – it's his house, her house, whatever. He says he's got stuff in the desk drawer. Without knowing what stuff means, it could be stuff. It could be money. I mean, it could be just a bunch of junk. I think the court is under the advisory rules. The court is required to look at the context of those statements. Here, the series of calls occur very late at night, approximately 2.30 in the morning on, and they occur in very rapid succession. She was very mad about where was he? What was he doing? He was. And she actually evidences some knowledge of what's going on, because he says at one point to her, he says, you know about Val Wiesel, one of the co-conspirators who was picked up, and this is on GER 93. She doesn't say no. She doesn't say what's going on. She says, uh-huh. She acknowledges. I mean, she's – Is that independent evidence that she had agreed to conspire to do this drug trafficking deal? I think that the threshold is simply that there be some independent evidence. It doesn't have to mean that it's part of a proponents in and of itself. But it has to be independent of this transcript. And I don't know. I think the other part of this that – and I think this is where Judge Cooper probably came down, was that she could just be the girlfriend. She could just be the girlfriend, and her boyfriend is out, and they have a child together, right? And why is the government going after just the girlfriend, and this is the only evidence they have that links her? Well, I think they have not only her statements during these conversations, but they also have her statements after the arrest. She lived with a guy who was a bad guy who was doing drug deals. But she also participated in that conduct, and that's, I think, what distinguishes her. But what is the evidence of that? Well, the evidence is that when he asks her – and I'd point the court to, for example, GER 95 – when he tells her, stay on the phone, independent, and call me up right now. Get ready to throw that stuff away. She says, there isn't – there ain't no stuff in the kitchen I already checked. She takes steps. She takes actual actions in furtherance of trying to find whatever it is he's asking her to look for it. And when you look at, you know, again, stuff, he's telling her, this all happens after one of his co-conspirators has been arrested. He's clearly very nervous. She knows what's going on. She then takes these steps by looking for it. You know, she tells him that she's looking for this. Could she know what's going on without having agreed to be a part of the conspiracy? Could she know her boyfriend is out there doing drug deals, but she doesn't want – she's not a part of it? I think, yes, this would be a different case if she were simply saying – if he were simply telling her and she was just saying, uh-huh, uh-huh, uh-huh. But he's asking her to take actions, and that's what I think distinguishes this from the case of someone who simply lives with someone who's breaking the law. And I suppose your argument is that there's enough to get to the jury. There is. The ultimate question of whether there's enough to prove beyond a reasonable doubt that she's guilty of conspiracy is a separate question. The only question this Court is being asked to consider is whether the Court got the evidentiary issue of whether we've established by a preponderance of the evidence a preponderance which can include the co-conspirators' statements. Now, what about the second issue, the dismissal of the indictment? Is that triggered by this issue as well, or is it an independent issue? Not entirely sure that I understand the Court's question. Well, as I understand it, the district court dismissed the indictment under the Speedy Trial Act. Am I reading that correctly? Yes. Well, essentially it did so based on Speedy Trial concerns, not based on the finding that the Speedy Trial Act had been violated, but because it believed that, yes, that it would be unfair to the defendant to have the case pending. Right. My question is, is that an independent issue, or is it conditioned by our decision with respect to the evidentiary question? I think the extent that it's independent would only be so if this or it is related to it in the sense that if this Court found that the appeal had been frivolous or raised for improper grounds, then the Court could decide that it was not improper for the district court to dismiss the indictment. So to a sense, in a certain sense, it does turn on the merits of the evidentiary issue, but the district court did not base its decision on either of those two grounds, which would be permissible reasons for dismissing the indictment. Well, go ahead with your argument on the indictment. With respect to the indictment, what the district court should have done was simply to stay the case, and there is a reason for wishing that to happen in cases where, for example, an individual is on bond, it allows the court to continue to supervise an individual while a question is being presented to the district court. Well, look, if you were, if you're correct that the district court erred in its hearsay ruling, then wouldn't we just vacate the dismissal? I mean, the charges just pop right back up and you'd be on to the, on to trial. Yes. So what's the big deal? This Court, our concern in part in raising it was to make sure that we hadn't forfeited any rights by having the district court subsequently dismiss the case. So one of the reasons that we did file an additional notice of appeal based on this issue was to make sure that we weren't in any way abandoning any issue. Forfeiting any issue? Any other issue? And with respect to the issue itself, as I said, there is a concern in cases where it's important to be able to follow where a defendant is, where we want to ask for continued supervision for an individual to remain on bond for the indictment to remain pending. And so that is an additional reason why the government pursued this issue in front of this Court. If I may, I'd like to reserve the balance of my time. You may do so, counsel. Thank you. We'll hear from the other side. Good morning. My name is Marcia Brewer. I represent Crystal Rivera. Ms. Brewer. Just a couple of things. The issue that was not raised by the government in the lower court, district court, should not be considered by this Court. It doesn't meet the elements of plain error. The second one, the context one, I don't think should be considered by this Court  On October 16th, the district court, the district court, the district court, the district court, on October 16th, we went into court and I had filed the motion. The government substantially complained about the fact that they didn't have time to respond. The government gave the judge gave them two weeks until November 6th we went back to file their brief. And in their brief, they didn't raise either one of these issues. I don't think this Court should consider either one of those issues. Getting to the issue of the conspiracy, the courts correctly assessed the situation. This is a girlfriend who lived with the dope dealer. Ms. Brewer, how about answering, in effect, the flip side of the question I ask the government, which is why would it not be clearly erroneous in your view, given that the scales and significant amount of cash were found in the house that Rivera shared with Lopez, that she admitted that she was there the night the co-conspirators had their pregame meeting, and that she talked to Lopez about moving money after the two other co-conspirators were arrested, that she looked for stuff at Lopez's behest after he had told her that those two had messed up in order to conceal it from law enforcement, which would be a criminal act in furtherance of the conspiracy, and that she changed cell phone numbers after the arrest went down. Now, why in the light of all that evidence was it not clearly erroneous to find it insufficient? All right. That's a terrible question. Well, first of all, there's no evidence that she changed the cell phone numbers. He was in charge of that, so he would have done that. So there's no evidence he did that. So we go back to the latest thing that occurred, and that was a statement after her arrest as to what she did on that night. I would argue, too, that the conspiracy has to have a termination point someplace in the scheme of things. She's now under arrest. She's made a post-arrest statement to the effect that she moved money around in the house, and I think I don't quite remember exactly what she said. Well, you lost out on that ruling in the district court, and I don't think that's on appeal. Is it that the conspiracy continued? My argument was that the conspiracy terminated when the car was driven down the street. I know that, and you lost that. Yes. I did lose that issue, but the question is, after that, the arrest at the search and then my client's arrest on the same day of the search took place about a week later. So the question is, my position is that conspiracy had terminated at that point in time. So her post-arrest statements after she's arrested, certainly she's not involved in the conspiracy. So it's, to me, it would be a bootstrap argument to take the post-arrest statements, bring them back, and couple them with anything that the government had during the course of the conspiracy. And same thing, well, the post-arrest statements indicate her actions that took place on the night when the phone calls were made, the morning of the phone calls. So I think that that's an inappropriate thing for the court to consider about that. And the other thing with regard to if we just look at those statements and say, do they show an involvement in conspiracy if this court's inclined to say, well, that could have been considered by the district court. These, again, is an act of a girlfriend who's living with a gentleman who's involved in narcotics transactions. If she moved money around from him, that action still has to relate back to this conspiracy where they packed up five kilos of cocaine in his car and drove down the street with him. And that's the conspiracy the government charged. The government didn't charge its own individual conspiracy between Trini Lopez, who's my client's boyfriend, and her with regard to attempt to conceal narcotics or attempt to conceal narcotics proceeds, which, in a sense, could have been its own separate conspiracy. The conspiracy charge was specifically for the distribution of those five kilos. The government wiretapped, listened to numerous phone calls between Trini Lopez and all the other co-defendants, actually watched them as they moved around that night and ended up at the house and packed up the car. But concealing evidence of contraband. But we don't see the thing is, that's why I don't think that the district court used it and why this court can't consider it. Lopez was a dope dealer. There's no question about it. And just because she was the girlfriend of a dope dealer doesn't mean that she's involved in his business. We don't know where that money came from. But what's the precise issue before us on this appeal? Are we talking about the admissibility? Are we talking about an interpretation as a legal matter as to whether this is potentially part of the conspiracy? Well, the district court had all this evidence before the district court judge. And Judge Cooper looked at all this. The government argued the post-arrest statements. The government argued all the conversations at 2 o'clock in the morning between Trini Lopez and my client. The government argued a ñ it wasn't a conversation. Trini Lopez was on the phone, and my client was asking him questions because she wanted to know where he was going. And you can see how angry she was during the conversations at 2 o'clock in the morning when she's on the phone with him basically saying, where the bleep are you? And she really wants to know where he is and why he's not home. So the court had all those facts in front of it, and the court made a ruling that the court felt that there was no independent evidence that showed that my client, Chris O'Vera, knew about and joined the conspiracy with the intent to help it out in some way by her actions. And so the court correctly, in my opinion, ruled that there was not enough evidence to bring her into the conspiracy. So a sufficiency of evidence issue is what we have here. Right. Yes. And I have a ñ there's a real issue as to what standard of review the court should use. And I gave the court at my brief on pages 12 and 13 some analysis of various court cases that have held various standards to apply. But regardless of which standard it is, what is this? Is a finding that statements or conduct are innocuous a fact finding that's reviewed for clear error, or is that a legal question that's reviewed de novo? I would say it was a factual finding, because each case would be different. If you look at the facts of Silverman, they're completely different. But there's a jury here that never got to the jury. Pardon?  No. In this case, the court has the task of making the finding as whether or not this person ñ the government's met its burden of proof by a slight evidence that this person knew about the conspiracy and then acted in such a way to participate in it. And that's what I'm saying is the government didn't have ñ doesn't have that evidence. Now, to answer your question, we've got to consider, okay, well, if you bring in the post-arrest statements ñ and I don't think that should be done, because at that point in time, the conspiracy has stopped. But I guess you could argue that that shows some actions taken during the course of the conspiracy, because at that point in time, the conspiracy was still ongoing, according to the judge at 3 o'clock in the morning. Moving money around ñ moving something around in the House and moving money around in the House, I think what she basically said, is that an act that would show that she knew about the 5 kilos of cocaine that had been packed up and was being sent off down the road to another state? And my position is that, no, it doesn't. Again, it's just a girlfriend that lives with a dope dealer who's being ordered to do something, who may have panicked and done something in the House when he wasn't there after these phone calls occurred, and it doesn't show any kind of knowledge of this conspiracy. I think that's the threshold thing, and the judge has to find that. Did she know that this conspiracy was ongoing, and did she then participate in it? And it's a fact-finding issue for the judge to find. If the judge says, no, I can't find facts to support her knowledge and participation, I can't let the statements in. And that was what she wouldn't let the statements in of Trini Lopez, and without those statements, we only have the statement of my client, which is not enough for the government to proceed, because it's one-sided. Do you want to say anything about the indictment? Do you want to say anything about the indictment issue? Am I not being heard here today? The indictment issue? All right. Oh, you mean the dismissal of the indictment? The dismissal of the indictment. No. I think the Court can do that. Judge Cooper is a very thoughtful judge. I'm sure you all know her. She's a very thoughtful, reasoned judge. She doesn't do anything without looking at the law. She researched that issue. And in the transcript of the November 7th hearing, she laid out and said, I think that there's no way that I can let this other – there's nothing else that I can do except to dismiss the indictment. Does that have any practical consequence in this case? I wouldn't think so, because if the Court rules that the judge correctly decided that these statements were excluded and, therefore, the government didn't have any evidence to proceed on, then that's the end of the situation. If the Court rules that Judge Cooper was wrong and made an error in her factual assessment of this case, then the indictment would be, to me, would be reinstated,  We would vacate the dismissal and reinstate the indictment. You could vacate the dismissal and reinstate the indictment. So I really – She actually says that in her ruling. Right. She actually said that. I just don't think that's really an issue here. Right. I think the main issue here is whether you determine if Judge Cooper made an error in her factual finding in this case about the evidence connecting my client to the conspiracy. Anything further? Thank you, Counsel. Only that I think she made the correct ruling. Very good. Very well. Counsel, you have some reserved time. Thank you, Your Honor. If I may, I have four points quickly that were raised. First, with respect to the appropriate standard of review, we did address in our reply brief why we believe that it is not clear, why this is not an actual factual finding. She's making a conclusion about whether the government's burden has been met. We would submit that that's properly viewed either as a legal question to Novo or at most for abuse of discretion. Including the finding that the statement is innocuous? I believe that's – the statements themselves were disputed. The facts, again, were not disputed. It was the inferences that were drawn from them. So it's a legal conclusion that they're innocuous as contrasted with inculpatory? Yes. Yes, Your Honor. That would be the government's position. Okay. With respect to whether one can use her own statements post-arrest, we would say that they certainly could be. Her statements are admissions of a party. They aren't dependent on the application of the co-conspirator exception. Thus, regardless of when they are made, they're appropriately considered, particularly for determining whether she was, in fact, and did take actions as part of the conspiracy. Those statements indicate that she did. With respect to concealment, clearly under this circuit's law, concealment can – an act of concealment can be inferred into the conspiracy. And, indeed, the district court at one point found that if she could consider the co-conspirator statements, then she made a statement, well, then I think we're there, suggesting that if she could consider the co-conspirator statements, she believed the government had actually met its burden, and that is at DER 39. And what really bothers me about that is that there's – this is a major conspiracy that's being alleged to distribute 5 kilograms of – I can't remember which drug. And there's no – in all of this, there's no – even if she is moving money and stuff around, there's nothing that independently shows that she knew about and agreed to conspire with the other defendants to distribute 5 kilograms of drugs. Well, it's a matter of law. The conspiracy that justifies admission of the evidence need not be the same as the one that's actually charged in the indictment. But you don't allege any other – what's the other – there's no discussion of any other conspiracy. I think a conspiracy to hide the proceeds of a crime. Well, why didn't you charge her with that one? Well, I believe that that – again, that's not necessary – it's not required that a conspiracy be charged as part of the indictment for the co-conspirator exception to apply. And I'd point this Court to U.S. v. Sorrento-Roso, 676 F2D 146. But she's not – she's on trial for the 5-kilogram distribution. Let's go ahead. So you – so now you want to bring up another conspiracy in the middle of the trial? Well, the questions are – I mean, as I gather, part of the Court's concern is whether, ultimately, the question of guilt is met. And we'd submit that that is a – Well, I'm – no, it's not. It's the – and I don't agree with you, by the way, that it's Stanova review. I think it's probably more a mixed question of fact than law. But she made a factual finding that the evidence, the statements by her – by the defendant were innocuous. They did not show – independently showed that she was a part of the conspiracy. I believe that they show that she took actions in response to his questions. When he asked her to go look for things, she did go look for them. She admitted subsequently to moving money. But I think what you just said is that's part of a different conspiracy. I think it's both part of this – I mean, I think it still is part of this conspiracy. There's a – for a person to be part of a conspiracy – It's a mixed conspiracy. It's a sub-conspiracy. I assume that it could be affirmed by their ideogram. But just with respect to her role in this, she need not take a large role. I mean, a person can be guilty of conspiracy having taken only a very minor act. And questions about her relative culpability are appropriate for sentencing, just as questions about, you know, whether she was a member of the conspiracy alleged in the indictment are to be determined by reasonable doubt by, in this case, the judge at bench trial. Thank you, counsel. Your time has expired. Thank you, Your Honor. The case just argued will be submitted for decision, and we will hear argument next in the City of Los Angeles v. County of Kern.
judges: O'scannlain, Rymer, Wardlaw